| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON | |
| KNIGHT WALL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED ARCHITECTURAL PRODUCTS, LLC, <br><br> Defendant. | CASE NO. 25-cv-5399 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT, COPYRIGHT INFRINGEMENT, FALSE ADVERTISING, AND UNFAIR BUSINESS PRACTICES** <br><br> **JURY DEMAND** |

Plaintiff Knight Wall Systems, Inc. ("Plaintiff" or "KWS"), by and through its undersigned counsel, brings this Complaint against Defendant Advanced Architectural Products, LLC ("Defendant" or "A2P") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Washington statutory and common law.

2. Plaintiff KWS designs, manufactures, and sells thermally isolated rainscreen solutions. A rainscreen is an exterior wall cladding system that sits away from a building's exterior walls to improve the building's moisture management and energy efficiency.

3. Plaintiff KWS is the exclusive owner of United States Patent No. 9,732,518 (the

COMPLAINT - 1
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

"'518 Patent") entitled "System and Methods for Thermal Isolation of Components Used".

4. KWS designs, manufactures, and sells a cladding attachment, called ThermaZee®, which is an improvement on the traditional Z-girt rainscreen design and is an embodiment of KWS patented technology.

5. KWS has employed third-party testing of its products to establish performance standards.

6. On March 12, 2025, Defendant A2P launched a new Z-girt product, called GreenGirt Steel, that infringes KWS' '518 Patent.

7. A2P is actively offering for sale the GreenGirt Steel product and instructing consumers on the use of this product.

8. A2P is directly making, using, advertising, and offering to sell the GreenGirt Steel product with manuals that infringe KWS' copyright of its ThermaZee® manuals.

9. A2P is knowingly making false claims that the GreenGirt Steel is "20-50% stronger than other perforated thermal metal Z-girts," "installs 2x faster than other systems," and "offers the highest R-value among steel-based systems."

10. Both KWS and A2P have employed third-party testing of their respective products to establish performance standards. A2P's alleged test results are nearly identical to KWS' results and KWS outperformed A2P at each tested thickness.

**PARTIES**

11. Plaintiff Knight Wall Systems, Inc. is a Washington corporation with its principal place of business at 2401 E 6th Street, Deer Park, Washington 99006.

12. Defendant Advanced Architectural Products, LLC is a Michigan Limited Liability Company.

13. A2P is registered with the State of Washington's Secretary of State as a Foreign Limited Liability Company to transact business within the State of Washington, having a registered agent purportedly located at 522 W. Riverside Ave, Ste. N, Spokane, Washington

COMPLAINT - 2
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

Case 3:25-cv-05399-DGE   Document 1   Filed 05/09/25   Page 3 of 20

99201.

14. Upon information and belief, A2P's actual principal place of business in Washington is in Seattle/Sumner, Washington 98390.

15. Upon information and belief, Defendant is engaged in distribution and sales services and operates in this District.

## JURISDICTION AND VENUE

16. This action arises under the Patent Act, 35 U.S.C. §§ 1 *et seq.*, the Copyright Act, 17 U.S.C. § 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Washington statutory and common law, based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the GreenGirt Steel product in the United States. These actions constitute patent infringement, copyright infringement, and false advertising over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a). The Complaint presents well-pleaded federal questions arising under federal patent and copyright laws.

17. This United States District Court for the Western District of Washington has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Washington.

18. Plaintiff's causes of action arise from Defendant's contacts with and activities in this District and the State of Washington.

19. Defendant has committed acts of infringement of the patent-in-suit within this District and the State of Washington by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Washington, products claimed by the patent-in-suit.

20. Defendant, directly and through intermediaries and customers makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes

COMPLAINT - 3
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

and instructs infringement of the Patent in this District and the State of Washington. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents and/or businesses located in this District and the State of Washington.

21. This Court has personal jurisdiction over Defendant because the Defendant is registered with the Washington Secretary of State to do business in Washington, Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Washington and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Washington and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Washington that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Washington. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at its distribution center located at Seattle/Sumner, WA 98390, and directly and through agents regularly does, solicits, and transacts business in the Western District of Washington. Also, Defendant has hired within this District for positions that, on information and belief, relate to infringement of the patent-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Washington.

22. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

23. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims

COMPLAINT - 4
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

1  pursuant to 28 U.S.C. § 1367.

2  24.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further upon information, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products in this judicial district by and through at least the distribution center it controls and offers for sale of its infringing product, has conducted and affected business in the State of Washington and this District and maintains a regular and established place of business by and through its distribution center located at Seattle/Sumner, WA 98390.

**PATENT-IN-SUIT**

25.  On August 15, 2017, United States Patent No. 9,732,518, entitled "System and Methods for Thermal Isolation of Components Used" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The claims of the '518 Patent cover an isolator system for preventing the conduction of thermal energy between the metal components of a wall assembly comprising isolator plates adapted to be placed between the metal components of a wall assembly and made of an insulating material. The '518 Patent claims patent-eligible subject matter and is valid and enforceable.

26.  Knight Wall Systems, Inc. is the exclusive owner by assignment of all rights, title, and interest in the '518 Patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '518 Patent.

27.  Defendant is not licensed under the '518 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '518 Patent whatsoever. A true and correct copy of the '518 Patent is attached hereto as Exhibit 1.

28.  The '518 Patent is presumed valid under 35 U.S.C. § 282.

29.  The term "Accused Product" refers to, by way of example and without limitation, A2P's GreenGirt Steel system. (*e.g.* https://greengirt.com/products/greengirt-steel/) attached

COMPLAINT - 5  
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC  
5608 17TH AVE. NW, STE. 1684  
SEATTLE, WA 98107  
303-563-5360

hereto as Exhibit 2.

## FACTUAL ALLEGATIONS

### Knight Wall Systems

30. Incorporated in 2007, KWS is an innovative leader in the rainscreen industry. KWS manufactures its rainscreen mounting solutions at its headquarters in Deer Park, Washington.

31. KWS' rainscreen solutions improve a building's moisture management and energy efficiency by creating an air cavity on the exterior walls that allow water to pass by the wall cladding and easily drain away from the building.

32. KWS' continuous insulation rain screen system (CI-System) was awarded a "Top-10 Green Building Product" by Environmental Building News. KWS received a Readers' Choice Award from Metal Construction News magazine, and a two-time recipient of Architectural Record's Record Products designations. Exhibit 3.

33. KWS' ThermaZee® Cladding Attachment is a steel Z-girt "specially designed, with a hollow, thermal isolation strip complimenting other performance enhancements at the web of the girt. The web's unique punch pattern has a substantial reduction in metal penetrating the insulation – about 75% – which decreases heat-flow through the girt. Additionally, the girt's notched bends and flared punches add extra strength." Exhibit 4.

34. KWS sells its products directly to consumers through sales representatives and its website. Exhibit 5.

### KWS' Patent Rights

35. Douglas Knight, founder of KWS, created, designed, and invented the majority of KWS' technology, including U.S. Patent No. 9,732,518 (the "'518 Patent") which was invented in conjunction with Scott Croasdale of JRS Engineering. Exhibit 1.

36. All parties having any actual or potential interest in the '518 Patent assigned all rights in the '518 Patent to Douglas Knight and Knight Wall Systems, Inc.

37. Mr. Knight assigned all rights in the '518 Patent to Knight Wall Systems, Inc.

COMPLAINT - 6
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

Exhibit 6.

38. Plaintiff has complied with the notice requirements of 35 U.S.C. § 287. Exhibit 7.

39. An embodiment of the technology covered by the '518 Patent is sold by KWS throughout the United States and Canada as the ThermaZee®.

### KWS' Copyright Rights

40. In 2022, KWS hired Morrison Hershfield (now Stantec) to conduct a thermal analysis of the ThermaZee®. Exhibit 9. In 2023, Morrison Hershfield conducted a similar analysis of the 5" ThermaZee®. Exhibit 10.

41. In performing the analyses, model inputs are made about what the wall assembly is comprised of, which can affect the outcome of the thermal values. For ThermaZee®, Morrison Hershfield used the following factors: "1/2 inch gypsum, 6 inch x 1 5/8 inch steel studs spaced 16 inch o.c. in uninsulated cavity, 5/8 inch gypsum sheathing, ThermaZee, Exterior mineral wool insulation (R-4.3/in)". See Exhibit 9, Figure 1.2 for Exterior Insulated Steel Stud Assembly; and Exhibit 11.

42. KWS provides installation guides specific to ThermaZee®. Exhibit 12 and 13. The copyrights of each installation guide are protected by U.S. Registration No. TX0009489185 (horizontal guide) and U.S. Registration No. TX0009486528 (vertical guide). Exhibits 14 and 15.

### A2P and the Infringing GreenGirt Steel Product

43. A2P manufactures and sells building cladding systems. A2P is headquartered in Allegan, Michigan, has research and manufacturing facilities in Hamilton, Michigan, and a distribution center in Seattle/Sumner, Washington. Exhibit 16.

44. On March 12, 2025, A2P announced its new GreenGirt Steel product as "The Strongest, Most Efficient Class II Continuous Insulation System". Exhibit 17.

45. According to A2P, the Accused Product system is a "steel Z-girt sub-framing with thermal brackets [which] integrates with any insulation, and the overlapping design halves installation time. Integrated insulation retention locks eliminate stick pins and thousands of

COMPLAINT - 7
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

1  thermal bridges, achieving the highest effective R-value for a steel-based system. The Accused
2  Product's minimal design and integrated thermal brackets further reduce energy transfer, helping
3  buildings achieve their energy efficiency goals." Exhibit 2.

4      46.    A2P states: "GreenGirt Steel is currently available for purchase. Visit
5  GreenGirt.com to learn more and to download thermal performance data, an installation guide,
6  product details, or to request a request a quote." Exhibit 17.

7      47.    A2P continues to offer for sale the Accused Product despite notice of KWS' '518
8  Patent. Exhibit 7.

9      48.    The product description of A2P's Accused Product is comparable to that of KWS'
10 ThermaZee®.

11     49.    A2P alleges that it employed Stantec/Morrison Hershfield to conduct a
12 performance evaluation of the Accused Product. Exhibit 18.

13     50.    Upon information and belief, Stantec utilized the following model inputs in its
14 performance evaluation of the Accused Product: "1/2 inch gypsum, 6 inch steel stud at 16 inch
15 o.c. with uninsulated stud cavity, 5/8 inch gypsum sheathing, horizontal and vertical stainless steel
16 and galvanized steel GreenGirt Steel system at various spacing, and exterior mineral wool
17 insulation (R-4.3/in) at various thicknesses." *Id*. These model inputs are nearly identical to the
18 model inputs used for the ThermaZee® analysis, as outlined in paragraph 41.

19     51.    The Accused Product's installation guide includes drawings derived from KWS'
20 installation guide for ThermaZee®, as shown below:

COMPLAINT - 8  
CASE NUMBER 25-cv-5399  

STUDIOIP LAW, LLC  
5608 17TH AVE. NW, STE. 1684  
SEATTLE, WA 98107  
303-563-5360

**ThermaZee® Drawings:**




**Accused Product Drawings (Exhibit 19):**





COMPLAINT - 9
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

**A2P's False Statements Regarding GreenGirt Steel's Characteristics and Qualities**

52. A2P has made false statements regarding the performance advantages of the Accused Product.

53. Upon information and belief, both A2P and KWS engaged the same third-party engineering firm, Stantec/Morrison Hershfield, to conduct thermal analyses of their respective systems. These analyses were performed using identical wall assembly assumptions and modeling methodologies, ensuring a direct and reliable comparison. Exhibits 9, 10 and 18.

54. A2P has not provided structural test data, comparative engineering analysis, or independent verification supporting the assertion that the Accused Product is 20–50% stronger than competing systems, including KWS' ThermaZee®.

55. The thermal performance analysis from KWS' ThermaZee® product and A2P's Accused Product prove the goods are materially similar in design and function. KWS' ThermaZee® incorporates additional structural features, such as including gussets and flared punch patterns, that enhance rigidity and resistance to deformation which create a stronger overall product. Neither the gussets nor flared punch patterns are present in A2P's Accused Product.

56. A2P's assertion is likely to deceive consumers into believing the Accused Product is demonstrably superior in structural performance to KWS' ThermaZee®, when no such comparative proof has been provided.

57. A2P also advertises that the Accused Product provides the "highest effective R-value for a steel-based system." Exhibit 20.

58. This statement is facially false when compared against the results from verified third-party thermal performance testing conducted on KWS' ThermaZee® system under the same modeling conditions.

59. KWS' ThermaZee® system yields higher effective R-values for steel-frame wall assemblies, for both horizontal and vertical orientations, at each insulation thickness, when tested by Morrison Hershfield, as follows and provided in Exhibits 10, 11, and 18:

COMPLAINT - 10
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

**R-Value Comparison – Horizontal Orientation**

| Insulation Thickness (in.) | Girt Spacing | Knight Wall – ThermaZee® R-Value | A2P – GreenGirt Steel R-Value |
|---|---|---|---|
| 1.5 | 16" | 8.7 | 8.4 |
| 2.0 | | 10.3 | 10.0 |
| 2.5 | | 11.6 | 11.4 |
| 3.0 | | 13.3 | 12.8 |
| 3.5 | | 14.5 | 14.2 |
| 4.0 | | 16.1 | 15.7 |
| 4.5 | | 17.2 | 17.1 |
| 1.5 | 24" | 9.0 | 8.8 |
| 2.0 | | 10.8 | 10.5 |
| 2.5 | | 12.3 | 12.1 |
| 3.0 | | 14.1 | 13.7 |
| 3.5 | | 15.6 | 15.4 |
| 4.0 | | 17.3 | 17.0 |
| 4.5 | | 18.7 | 18.6 |
| 5.0 | | 20.5 | 20.1 |
| 1.5 | 32" | 9.1 | 9.0 |
| 2.0 | | 11.0 | 10.8 |
| 2.5 | | 12.7 | 12.5 |
| 3.0 | | 14.6 | 14.3 |
| 3.5 | | 16.3 | 16.0 |
| 4.0 | | 18.0 | 17.7 |
| 4.5 | | 19.6 | 19.4 |

**R-Value Comparison – Vertical Orientation**

| Insulation Thickness (in.) | Girt Spacing | Knight Wall – ThermaZee® R-Value | A2P – GreenGirt Steel R-Value |
|---|---|---|---|
| 1.5 | 16" | 8.7 | 8.4 |
| 2.0 | | 10.3 | 10.0 |
| 2.5 | | 11.6 | 11.4 |
| 3.0 | | 13.3 | 12.8 |
| 3.5 | | 14.5 | 14.2 |
| 4.0 | | 16.1 | 15.7 |
| 4.5 | | 17.2 | 17.1 |
| 5.0 | | 18.8 | 18.5 |
| 1.5 | 32" | 9.1 | 9.0 |
| 2.0 | | 11.0 | 10.8 |
| 2.5 | | 12.7 | 12.5 |
| 3.0 | | 14.6 | 14.3 |
| 3.5 | | 16.3 | 16.0 |
| 4.0 | | 18.0 | 17.7 |
| 4.5 | | 19.6 | 19.4 |

COMPLAINT - 11
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

60. As demonstrated by the charts at paragraph 59, KWS' ThermaZee® system outperforms A2P's Accused Product when used on galvanized steel at every tested thickness in both horizontal and vertical orientations.

61. In A2P's commercial advertising, A2P claims that the Accused Product is "20–50% stronger than other perforated thermal metal Z-girts." Exhibits 2, 17, and 20.

62. A2P claims in its commercial advertising and promotional materials that the Accused Product "installs 2X faster than other systems." Exhibits 2 and 20.

63. Upon information and belief, A2P provides no time-and-motion study, third-party testing, or controlled field data to support the assertion that the Accused Product installs twice as fast as competing thermal break cladding support systems.

64. KWS' ThermaZee® product installs using a functionally equivalent method to the Accused Product, including direct attachment of pre-punched metal Z-girts over continuous insulation and into a structural wall assembly using fasteners.

65. KWS' ThermaZee® includes features designed to aid in rapid and accurate installation, such as alignment aids and spacing flexibility. KWS has received no credible field reports or comparative feedback indicating any disadvantage in installation time relative to the Accused Product or similar systems.

## COUNT I

### Patent Infringement Under 35 U.S.C. § 271(a)

66. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 65.

67. A2P has, under 35 U.S.C. § 271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '518 Patent. A2P has manufactured, used, offered for sale, and/or sold, and continues to manufacture, use, offer to sell, and/or sell rainscreen attachments that infringe the '518 Patent.

COMPLAINT - 12
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

68. As a result of A2P's infringement of KWS' rights in the '518 Patent, KWS has suffered and will continue to suffer damages.

69. A2P's infringement of the '518 Patent has been with full knowledge of the '518 Patent and KWS' rights therein.

70. On information and belief, A2P did not have a reasonable basis for believing that the claims of the '518 Patent were invalid.

71. On information and belief, A2P's Accused Product is offered for sale to businesses and individuals throughout the United States and in the State of Washington, including in this District.

72. A2P's willful infringement of KWS' rights in the '518 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of KWS' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

73. As a result of A2P's continuing infringement of KWS' rights in the '518 Patent, KWS is suffering irreparable harm.

74. If A2P's infringing conduct is not enjoined, KWS will continue to suffer irreparable harm, and otherwise has no adequate remedy at law.

75. KWS is entitled to injunctive relief pursuant to 35 U.S.C. § 283, restraining and enjoining A2P from infringing the '518 Patent.

76. The claim chart in Exhibit 8 describes how the elements of at least claim 1 from the '518 Patent are infringed by the Accused Product. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## COUNT II

### Patent Infringement Under 35 U.S.C. § 271(b)

77. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 76.

COMPLAINT - 13
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

78. On information and belief, Defendant has been, and currently is, inducing infringement of at least claim 1 of the '518 Patent in violation of 35 U.S.C. § 271(b), by knowingly encouraging and instructing others, including its customers and end users of the Accused Product, to directly infringe the '518 Patent. Defendant provides usage instructions to its customers and end users of the Accused Product on how to use and operate the Accused Product to construct the system of claim 1 of the '518 Patent, with knowledge of the '518 Patent, with knowledge or willful blindness that such use by its customers and end users directly infringes the '518 Patent, and with the intent of inducing customers and end users to infringe at least claim 1 of '518 Patent.

79. As a result of A2P's infringement of KWS' rights in the '518 Patent, KWS has suffered and will continue to suffer damages.

80. On information and belief, A2P does not have a reasonable basis for believing that the claims of the '518 Patent were invalid.

81. On information and belief, A2P's Accused Product is available to businesses and individuals throughout the United States and in the State of Washington, including in this District.

82. A2P's willful infringement of KWS' rights in the '518 Patent warrants an award of treble damages under 35 U.S.C. § 284 and makes this an exceptional case warranting an award of KWS' reasonable attorneys' fees and costs under 35 U.S.C. § 285.

83. As a result of A2P's continuing infringement of KWS' rights in the '518 Patent, KWS is suffering irreparable harm.

84. If A2P's infringing conduct is not enjoined, KWS will continue to suffer irreparable harm, and otherwise has no adequate remedy at law.

85. KWS is entitled to injunctive relief pursuant to 35 U.S.C. § 283, restraining and enjoining A2P from infringing the '518 Patent.

## COUNT III

### Copyright Infringement Under 17 U.S.C. § 501

86. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the

COMPLAINT - 14
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

allegations set forth in paragraphs 1 through 85.

87. KWS owns a valid copyright in the original, creative works "Knight Wall Systems Guide Details: ThermaZee (Horizontal)" and "Knight Wall Systems Guide Details: ThermaZee (Vertical)" (collectively, the "Copyrights").

88. The Copyrights are properly registered with the United States Copyright Office ("USCO") under Registration No. TX0009489185 (horizontal guide), and Registration No. TX0009486528 (vertical guide), and KWS has complied with all statutory formalities under the Copyright Act and the regulations published by the USCO.

89. KWS has not granted A2P a license or the right to use, modify, or distribute the Copyrights, in full or in part, in any manner, nor has KWS assigned any of its exclusive rights in the Copyrights to A2P.

90. A2P has improperly and illegally copied, reproduced, distributed, and publicly displayed portions of the Copyrights in connection with the Accused Product's advertisements for sale of the products.

91. A2P's unauthorized copying and use of drawings from the Copyrights constitute infringement of KWS' Copyrights right to reproduce and distribute the Copyrights under 17 U.S.C. § 106(1) and (3).

92. As a result, KWS is entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting A2P from further infringing KWS' Copyrights, including but not limited to the further reproduction, distribution, and public display of the Copyrights, or any derivative works based on the Copyrights.

93. As a result of A2P's violations of Title 17 of the U.S. Code, KWS is entitled to an award of actual damages and disgorgement of all of A2P's profits attributable to the infringement as provided by 17 U.S.C. § 504(b), in an amount to be proven.

94. As a result of A2P's violations of Title 17 of the U.S. Code, the Court, in its discretion, may allow the recovery of full costs as well as reasonable attorneys' fees and costs

COMPLAINT - 15
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

from A2P pursuant to 17 U.S.C. § 505.

## COUNT IV

### False Advertising Under 15 U.S.C. § 1125

95. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 94.

96. A2P has made false statements as to the performance advantages of its own products. A2P's Accused Product does not outperform KWS' competing product.

97. A2P's false statements have a tendency to deceive even the most highly skilled consumer in the construction industry. Understanding that no performance differences exist between A2P's and KWS' products requires A2P's consumer to have experience installing both A2P's Accused Product and KWS' ThermaZee® and knowledge of both systems' performance over time.

98. Should a consumer consider A2P's statements to be accurate, the deceptive statements will influence consumers to purchase A2P's comparable or under-performing product as opposed to KWS' product.

99. A2P is offering the Accused Product for sale in interstate commerce.

100. As a result of A2P's diversion of consumers and profits to a comparable product that does not outperform others in the industry, KWS is suffering damages and irreparable harm in the form of lost profits and goodwill.

101. If A2P is not enjoined, KWS will continue to suffer irreparable harm, and otherwise has no adequate remedy at law.

102. KWS is entitled to injunctive relief pursuant to 15 U.S.C. § 1125.

## COUNT V

### Violation of Washington's Unfair Business Practices Act Under RCW 19.86, *et seq.*

103. Plaintiff realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 102.

COMPLAINT - 16
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

104. A2P's conduct constitutes unlawful business practices in violation of U.S. law, including, but not limited to, violation of U.S. patent, copyright, and false advertising laws, including 35 U.S.C. § 271, 17 U.S.C. § 501, and 15 U.S.C. § 1125, as alleged above.

105. A2P has engaged in patent infringement in violation of 35 U.S.C. § 271, as described more fully in paragraphs 66-85, by manufacturing, distributing, marketing, and selling or offering for sale wall girts through distribution channels throughout the United States, including in this judicial district, that infringe KWS' '518 Patent.

106. A2P has engaged in copyright infringement in violation of 17 U.S.C. § 501, as described more fully in paragraphs 86-94, by copying, reproducing, distributing, and publicly displaying derivatives of KWS' Copyrights throughout the United States, including in this judicial district.

107. A2P has engaged in false advertising in violation of 15 U.S.C. § 1125, as described more fully in paragraphs 95-102, by publicly making false statements regarding the performance of the Accused Product in which deception is likely to occur and irreparably harm KWS and consumers.

108. Upon information and belief, A2P's acts alleged herein were done in the course of business and for a business purpose.

109. As a direct and proximate result of these unlawful business practices, the public has been and continues to be deceived.

110. As a further direct and proximate result of A2P's infringement and false statements, KWS has suffered economic damages, including damage to its reputation, which will continue to accrue if A2P maintains such wrongful conduct.

111. Pursuant to the Revised Code of Washington (RCW) 19.86.090, KWS seeks an order enjoining A2P, and A2P's officers, agents, servants, employees, and attorneys, and those persons in concert with A2P, to immediately cease the above-described unfair business practices, or any other business practice which unfairly harms KWS and/or which is likely to confuse or

COMPLAINT - 17
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

deceive the public.

112.   As a result of A2P's violation of RCW 19.86.020, KWS is entitled to recover an award of actual damages attributable to the unfair business practices as provided by 19.86.090, in an amount to be proven. The Court, in its discretion, may award treble damages in an amount not to exceed twenty-five thousand dollars ($25,000).

113.   As a result of A2P's violation of RCW 19.86.020, the Court, in its discretion, may allow the recovery of full costs as well as reasonable attorneys' fees and costs from A2P pursuant to RCW 19.86.090.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. A preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and those persons in concert with Defendant, and each of them, from

    a. making, using, selling, and offering to sell (or inducting one or more third parties to do the same) any wall girt or similar product that infringes the '518 Patent;

    b. copying, reproducing, distributing, and publicly displaying the Copyrights, or any derivative works based on the Copyrights; and

    c. making false or misleading statements regarding the characteristics and qualities of the Accused Product;

B. An award to Plaintiff of its damages pursuant to 35 U.S.C. § 284, 17 U.S.C. § 504, 15 U.S.C. § 1117(a), and RCW 19.86.090;

C. A declaration that this case is exceptional, and, in conjunction therewith, an award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, 17 U.S.C. § 505, 15 U.S.C. § 1117(a), and RCW 19.86.090;

D. An order that Defendant is required at the conclusion of this proceeding to destroy in

COMPLAINT - 18
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

its possession any and all infringing materials or materials that the infringing wall girt is derived from, including but not limited to, remaining wall girts, molds, printed matter, and advertising that this Court finds to violate Plaintiff's federal, statutory, state, or common law rights;

E.  Such other and further equitable and legal relief this Court deems just and proper.

## JURY DEMAND

Plaintiff Knight Wall Systems, Inc. respectfully requests a trial by jury on all issues so triable.

COMPLAINT - 19
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360

DATED this 9th day of May, 2025.

Respectfully submitted,

STUDIOIP LAW, LLC

By: s/Mark G. Emde
**Mark Emde**
WSBA No. 58961
memde@studioiplaw.com

**Jessie L. Pellant**
(*pro hac vice* to be filed)
Colorado Attorney Reg. No. 42096
jpellant@studioiplaw.com

**Timothy M. Sullivan**
(*pro hac vice* to be filed)
Minnesota Attorney Reg. No. 0391528
tsullivan@studioiplaw.com

**Larissa M. Goodman**
(*pro hac vice* to be filed)
Colorado Attorney Reg. No. 55222
lgoodman@studioiplaw.com

5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
303-563-5360

*Attorneys for Plaintiff*
Knight Wall Systems, Inc.

COMPLAINT - 20
CASE NUMBER 25-cv-5399

STUDIOIP LAW, LLC
5608 17TH AVE. NW, STE. 1684
SEATTLE, WA 98107
303-563-5360